1  James A. Goodman      (State Bar No. 89715)
   EPSTEIN BECKER & GREEN, P.C.
2  1925 Century Park East, Suite 500
   Los Angeles, California 90067-2506
3  Telephone: 310.556.8861
   Facsimile:  310.553.2165
4  jgoodman@ebglaw.com

5  Attorneys for Defendant
   TURNER CONSTRUCTION COMPANY, INC.

6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  DAPHNE RHODES, an individual,        CASE NO. '08 CV 0948 WQH AJB

12               Plaintiff,              San Diego Superior Court Case No.
                                         37-2008-00082715-CU-OE-CTL
13       v.

14  TURNER CONSTRUCTION              NOTICE OF REMOVAL OF
    COMPANY, a New York corporation;  ACTION PURSUANT TO 28 U.S.C.
15  and DOES 1-20, Inclusive,        SECTIONS 1332 and 1441(b)

16               Defendant.          Complaint Filed: April 25, 2008

17

18

19       **PLEASE TAKE NOTICE** that Defendant Turner Construction Company,

20  Inc. ("Defendant"), contemporaneously with the filing of this Notice, is effecting

21  the removal of the above-captioned action from the Superior Court of the State of

22  California for the County of San Diego to the United States District Court for the

23  Southern District of California.

24       The removal is based on 28 U.S.C. sections 1332 and 1441(b), specifically,

25  and on the following grounds:

26  I.   **PLEADINGS, PROCESS, AND ORDERS**

27       1.   On or about April 25, 2008, Plaintiff Daphne Rhodes ("Plaintiff")

28  commenced the above-entitled action in the Superior Court for the County of San

FILED

2008 MAY 29  PM 1: 26

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____KNK_____DEPUTY

ORIGINAL

LA:508207v1                              NOTICE OF REMOVAL

1  Diego by filing a complaint therein entitled <u>Daphne Rhodes, an individual v.</u>

2  <u>Turner Construction Company, a New York corporation, and Does 1-20, inclusive,</u>

3  Case No. 37-2007-00080755-CU-WT-CTL ("Complaint"). The Complaint

4  purports to state causes of action for: (1) Employment Discrimination (Racial); (2)

5  Employment Discrimination (Gender); (3) Wrongful Termination in Violation of

6  Public Policy; (4) Failure To Promote; (5) Intentional Infliction of Emotional

7  Distress; and (6) Negligent Infliction of Emotional Distress. True and correct

8  copies of the Summons, Complaint, and Civil Case Cover Sheet are attached

9  hereto collectively and incorporated herein by this reference as though set forth in

10  full as Exhibit 1.

11      2.    On or about April 29, 2008 the Summons and Complaint were served

12  on Defendant's agent for service.

13      3.    Exhibit 1 constitutes all the process, pleadings and orders delivered to

14  any party in the Superior Court action and are incorporated herein.

15  **II.    DIVERSITY JURISDICTION**

16      4.    This action is a civil action of which this Court has original

17  jurisdiction under 28 U.S.C. Section 1332, and is one which may be removed to

18  the United States District Court by Defendant pursuant to the provisions of 28

19  U.S.C. Section 1441(b) in that it is a civil action in which the matter in controversy

20  exceeds the sum of $75,000.00, exclusive of interest and costs, and is between

21  citizens of different states.

22      **A.    Citizenship**

23      5.    Defendant is informed and believes that Plaintiff was at the time of

24  the filing of this action and at the time of removal, and still is, and at all relevant

25  times has been a citizen of the State of California. Exhibit 1, Complaint, ¶ 1.

26      6.    Defendant was, at the time of the filing of this action and at the time

27  of removal, and still is, and at all relevant times has been a corporation formed

28  under the laws of the state of New York (Exhibit 1, Complaint, ¶ 2), and has its

- 2 -

1  principal place of business in New York. Defendant, therefore, is a citizen of New

2  York. It is also the only defendant named in this action.

3  **B.    Fictitious Does**

4    7.    Defendant Does 1 through 20 are wholly fictitious. The Complaint

5  does not set forth the identity or the status of any said fictitious defendants, nor

6  does it set forth any charging allegation against any fictitious defendants. The

7  naming of said fictitious defendants does not destroy the diversity of citizenship

8  between the parties in this action. 28 U.S.C. section 1441(a).

9  **C.    Amount in Controversy**

10    8.    The amount in controversy in this matter exceeds the sum or value of

11  $75,000.00, exclusive of interest and costs. It is well settled that, in determining

12  whether a Complaint meets the $75,000.00 threshold amount in controversy set

13  forth in 28 U.S.C. § 1332(a), a court should consider the aggregate amount of the

14  claims and value of the claims. *Wolde-Meskel v. Vocational Instruction Project*,

15  166 F.3d 59, 62 (2nd Cir. 1999) [diversity statute confers jurisdiction over entire

16  action, not just specific claims alleged in complaint, and, therefore, claims of

17  single plaintiff are aggregated in order to satisfy amount in controversy]. The fact

18  that a Complaint fails to specify the amount of damages in a dollar amount does

19  not deprive this Court of jurisdiction. *See White v. J.C. Penney Life Ins. Co.*, 861

20  F. Supp. 25, 26 (S.D. W.Va. 1994) [defendant may remove suit to federal court

21  notwithstanding the failure of Plaintiff to plead a specific dollar amount in

22  controversy; if the rules were otherwise, "any plaintiff could avoid removal simply

23  by declining to place a specific dollar claim upon its claim."]. Defendant need

24  only establish by a preponderance of the evidence that Plaintiff's claim is likely to

25  exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102

26  F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d

27  373, 376 (9th Cir. 1997).

28    9.    Here, Plaintiff seeks recovery on several fronts, including

- 3 -

1  compensatory damages for alleged lost past and future wages, and for emotional

2  distress. Complaint ¶¶ 27, 28, 33, 34, 40, 41, 51, 52, 60, 65. Plaintiff does not

3  limit the amount of damages she is seeking.

4       10.  In her April 25, 2008 Complaint, Plaintiff alleges that she has had

5  difficulty obtaining and maintaining employment following her termination a year

6  earlier. Complaint, ¶ 42. Plaintiff's annual salary at the time of her termination in

7  October 2006 was $103,836.

8       11.  Plaintiffs alleging emotional distress as a result of wrongful

9  termination regularly seek in excess of $75,000.00 in such damages. (*Keiffer v.*

10  *Bechtel Corp.*, 65 Cal. App. 4th 893, 895, 76 Cal. Rptr. 2d 827 (1998) [California

11  Court of Appeal upheld jury award in excess of $75,000.00 for emotional distress

12  damages]; *Silo v. CHW Medical Foundation*, 86 Cal. App. 4th 947, 955, 103 Cal.

13  Rptr. 2d 825 (2001) [jury award in excess of $75,000.00 in non-economic damages

14  was upheld in a wrongful termination lawsuit]; *Satrap v. Pacific Gas & Elec. Co.*,

15  42 Cal. App. 4th 72, 76, 49 Cal. Rptr. 2d 348 (1996) [jury award in excess of

16  $75,000.00 in non-economic damages was upheld].)

17       12.  Plaintiff's request for attorneys' fees may also be taken into account

18  to determine jurisdictional amounts. *Goldberg v. C.P.C. International, Inc.*, 678

19  F.2d 1365, 1367 (9th Cir. 1982). Plaintiff seeks an unspecified amount of

20  attorneys' fees. (Exhibit 1, Plaintiff's Prayer for Relief in Complaint).

21       13.  Considering the aggregate value of Plaintiff's claims, the amount in

22  controversy is in excess of $75,000.00. Therefore, the amount in controversy

23  requirement of 28 U.S.C. § 1332 has been met, and this action is removable to this

24  Court pursuant to 28 U.S.C. § 1441.

25                   **TIMELINESS OF REMOVAL**

26       14.  This Notice of Removal is timely filed in that, although Plaintiff's

27  Complaint has not yet been properly served, this Notice has been filed within thirty

28  (30) days of receipt by Defendant's counsel of the Summons and Complaint and

- 4 -

NOTICE OF REMOVAL

1   within one year of the filing of the Complaint. 28 U.S.C. § 1446. The Complaint

2   served on Defendant's agent on April 29, 2008. Thirty days from that is May 29,

3   2008.

4         15.    For all the foregoing reasons, this Court has original jurisdiction under

5   28 U.S.C. §§ 1332 and 1441(b).

6

7   DATED: May 27, 2008                    EPSTEIN BECKER & GREEN, P.C.

8

9                                          By:

10                                             JAMES A. GOODMAN
                                            Attorneys for Defendant
11                                          TURNER CONSTRUCTION
                                            COMPANY, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

BLUEBIRDonline.com (888) 477-0700    4-57

Exhibit 1

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TURNER CONSTRUCTION COMPANY, a New York corporation
and DOES 1-20, Inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

2008 APR 25 PM 4: 24

SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAPHNE RHODES, an individual

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA<br>330 West Broadway<br><br>San Diego, CA 92101<br>Central Division | CASE NUMBER:<br>*(Número de Caso):* 37-2008-00082715-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas E. Geyman, Esq.    (SBN 159417)                 (619)232-3533    (619)232-3593
LAW OFFICE OF DOUGLAS E. GEYMAN
750 B Street, Suite 2635
San Diego, CA 92101

DATE: APR 2 5 2008                   Clerk, by _____, Deputy
*(Fecha)*                                   *(Secretario)* M. Scott        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]
SUPERIOR COURT
SAN DIEGO COUNTY, CA

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465



1  DOUGLAS E. GEYMAN (SBN: 159417)
   Law Office of Douglas E. Geyman
2  750 B Street, Suite 2635
   San Diego, CA 92101
3  Telephone: (619) 232-3533

4

5  Attorney for Plaintiff DAPHNE RHODES

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11  DAPHNE RHODES, an individual      )    CASE NO.: 37-2008-00082715-CU-OE-CTL
                                      )
12                    Plaintiff,      )    CASE CLASSIFICATION: GENERAL
                                      )    CIVIL
13  v.                                )
                                      )    COMPLAINT FOR:
14  TURNER CONSTRUCTION               )
    COMPANY, a New York corporation;  )    1)    EMPLOYMENT DISCRIMINATION
15  and DOES 1 - 20, Inclusive,       )          (RACIAL);
                                      )
16                    Defendants.     )    2)    EMPLOYMENT DISCRIMINATION
                                      )          (GENDER)
17                                    )
                                      )    3)    WRONGFUL TERMINATION IN
18                                    )          VIOLATION OF PUBLIC POLICY;
                                      )
19                                    )    4)    FAILURE TO PROMOTE;
                                      )
20                                    )    5)    INTENTIONAL INFLICTION OF
                                      )          EMOTIONAL DISTRESS; and
21                                    )
                                      )    6)    NEGLIGENT INFLICTION OF
22                                    )          EMOTIONAL DISTRESS
                                      )
23

24        COMES NOW Plaintiff DAPHNE RHODES ("RHODES" or "Plaintiff"), and for

25  causes of actions against Defendants, and each of them, alleges as follows:

26  ////

27  ////

28  ////                              I.

---

COMPLAINT FOR DAMAGES
1

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.      Plaintiff DAPHNE RHODES  is, and at all times herein mentioned was, an individual residing in the County of San Diego.

2.      Defendant TURNER CONSTRUCTION COMPANY ("TURNER" or "Defendant") is, and at all times herein mentioned was, a New York corporation, authorized and doing business in the County of San Diego.

3.      Plaintiff is unaware of the true names and capacities of the defendants designated as DOES 1 through 20, inclusive, and therefore sues such defendants by their fictitious names.  Plaintiff will seek leave of this Court, if required, to amend this complaint to allege their true names and capacities when the same has been ascertained.  Plaintiff is informed and believes, and thereon alleges, that each and every defendant designated herein as a DOE is in some manner liable or responsible for the acts, occurrences and omissions hereinafter set forth, and the damages proximately caused thereby.

4.      Plaintiff is informed and believes, and thereupon alleges, that in acting, or failing to act, as hereinafter set forth, each and every defendant was acting as the agent, servant, employee, principal, master and employer of each remaining co-defendant, within the course and scope of such agency, servitude and employment, and with the express or implied consent, knowledge and ratification of each such remaining co-defendant.

5.      On or about May 4, 1987, Plaintiff became employed with TURNER in the position of Field Engineer assigned to the Detroit Territory.

6.      In or about November 17, 2000, Plaintiff transferred to the TURNER's San Diego Office as a Project Manager.

7.      During almost twenty (20) years of employment with TURNER, Plaintiff received favorable work performance reviews and regular pay increases based on her performance.

8.      From the date of Plaintiff's transfer to the San Diego Office through on or about October 10, 2006, the date on which TURNER terminated Plaintiff's employment, Plaintiff and her work performance was the subject of and intensive scrutiny and evaluation.

---

**COMPLAINT FOR DAMAGES**

2

 

Plaintiff was subjected to continual and pervasive ill-treatment, unequal treatment and discrimination. Plaintiff was also held to a different and higher standard in her work performance and work-related activities than her peers in the San Diego office. This treatment, as alleged hereafter, culminated in the pretextual termination of her employment with TURNER on or about October 10, 2006 without warning after almost twenty years of exemplary service.

9.    Plaintiff believes and thereon alleges TURNER was motivated to, and did, ~~discriminate against her, and eventually created a reason for which it believes it could~~ justifiably terminate Plaintiff's employment based on her race (African-American) and her gender (female).

10.    Upon Plaintiff's arrival in the San Diego office, she began receiving performance evaluations that were markedly inferior to those she had received while in the Detroit office.

11.    In or about early 2003, Plaintiff received a work performance evaluation from Jerry Marcis . The evaluation contained numerous inaccurate and false statements with which Plaintiff took issue. In the evaluation, Marcis gave Plaintiff substandard ratings for the performance of duties for which she had no direct responsibility. Plaintiff rebutted the inaccuracies and misstatements made my Marcis in the evaluation in a letter dated April 1, 2003 to Charlie Koch, TURNER's Vice President and Operations Manager.

12.    In the 2003 evaluation, Marcis made several inaccurate statements regarding Plaintiff's timeliness, time management, and management skills which were harassing in nature. Prior to performing this evaluation, Marcis had created an unfriendly and hostile work environment by falsely accusing Plaintiff of having an attitude in meetings and being combative. Marcis also routinely ignored and shrugged off Plaintiff's suggestions in meetings. However, when Plaintiff attempted to correct her behavior based on Marcis' critique, Marcis responded by rating Plaintiff poorly in the evaluation as not providing input and lacking communication skills.

13.    Plaintiff was often not aware of many of managements perceptions of

**COMPLAINT FOR DAMAGES**

3

1   deficiencies in her work performance until she saw them in written performance evaluations.

2        14.    From the time of her arrival in the San Diego Office, Plaintiff was routinely

3   made to feel that she was not welcome there. In sharp contrast to the treatment she

4   experienced in Detroit, Plaintiff's ideas were not accepted or supported, and in most cases

5   totally disregarded. Plaintiff complained to her management about this treatment, however,

6   no lasting changes in how she was treated were forthcoming.

7        15.    The Turner Construction Company Staff Handbook ("Staff Handbook") and

8   The Code of Ethics Policy ("Ethics Policy") sets a limit of $250.00 on gifts that employee are

9   allowed to accept. The Staff Handbook states that employees who accept gift in violation of

10  this policy would be subject to immediate termination. During Plaintiff's almost ten years in

11  the San Diego office, she witnesses this policy being violated on an almost daily basis.

12  Employees suffered  no adverse consequence as a result of violating this TURNER policy.

13  Bruce Winer ("Winer"), Plaintiff's immediate supervisor, accepted extended ski outings to

14  Vancouver, Canada, Tahoe and Nevada from Lakeview Building Systems, a drywall

15  subcontractor, during the period of 2004 through 2006. Winer also accepted fishing trips to

16  Cabo San Lucas sponsored by subcontractors. These outings were also attended by other

17  TURNER employees, including Rick Bach (Territory General Manager), Jamie Awford

18  (Territory Business Manager), and Dan McGuckin (Senior Project Manager).

19       16.    The Staff Handbook prohibits the awarding of contracts to individuals that

20  have immediate or personal ties to TURNER employees, and states that violation of this

21  policy is grounds for immediate termination. Plaintiff believes and thereon alleges that

22  TURNER awarded all building and directional signage to the wife of Ron Rudolph,

23  TURNER'S Operational Vice President,  in violation of this policy.

24       17.    The Staff Handbook contains a Drug and Alcohol Policy which outlines a

25  three-strike policy, which states that upon the third violation of the policy, an employee

26  would be terminated with no chance for rehire. During her almost ten years working in the

27  Turner's San Diego Office, Plaintiff witnessed Territory General Managers sponsoring

28  "happy hours" which would start in mid-afternoon. During these "happy hours", staff

**COMPLAINT FOR DAMAGES**
4

members would be allowed to leave the office, participate in the functions at which alcoholic beverages would be consumed, and thereafter return to TURNER offices to collect personal belongings before leaving work for the day.  Plaintiff was informed by TURNER's Human Resources Manager, Connie Marshall ("Marshall") that an employee was considered to still be on company time when they visit an outside establishment, enjoy "spirits", and the return to TURNER offices to gather their personal belongings before leaving for the day.  Plaintiff believes and thereon alleges that it was common knowledge in the TURNER office that Mike Wybourne, a Senior Estimator, frequented "gentlemen's establishments" during his lunch hour and often returned to the office intoxicated.  Employees who participated in the "happy hours" sponsored by TURNER's management staff, or who became intoxicated over their lunch hours and then returned to work, suffered no adverse consequence for violating the Drug and Alcohol Policy.

18.    Begin in or about the year 2000 and continuing through the year 2006, Plaintiff was recommended for promotion by TURNER employees in the Detroit Office with whom she had worked before transferring to the San Diego Office.  In spite of receiving good reviews and recommendations for promotion, Plaintiff was never promoted during this period of time.  During this time period, Winer, a Caucasian male with less experience and less than a year seniority with TURNER, was appointed to the position of Purchasing Manager, a position for which Plaintiff had been recommended.  At the time of his appointment, Winer had no experience to perform the position duties.  TURNER's senior management required Plaintiff to train Winer in how to do the job for which she already had experience and for which she had been recommended.  Plaintiff routinely witnessed employees with less experience and less tenure placed in or promoted to positions ahead of her.  Plaintiff was never given a reason for why she was not promoted or why other less-experienced and less-tenured employees were put into position for which she was qualified.

19.    Plaintiff believes, and thereon alleges, that TURNER, through the management and staff in the San Diego office, set about to create a set of circumstances under which it could justifiably terminate Plaintiff's employment.  When no justifiable

---

**COMPLAINT FOR DAMAGES**

5

circumstance presented itself, TURNER proceeded to terminate Plaintiff's employment on or about October 10, 2006 under pretext, and in doing so held Plaintiff to a standard that it does not hold, and has never held, any of her peers to.

20.    Plaintiff has exhausted her administrative requirements by timely filing charges against Defendants, and each of them, with the California Department of Employment and Fair Housing ("DFEH") and pursuant to the Fair Employment and Housing Act ("FEHA") as codified at California Government Code ("Cal. Gov. Code") § 12940, *et seq.* The DFEH has issued its "Right To Sue Letter" to Plaintiff, who timely files this action. Plaintiff, therefore, respectfully requests relief and judgment against Defendants, and each of them, as set forth below.

## II.

## FIRST CAUSE OF ACTION

### Employment Discrimination - Racial

21.    Plaintiff incorporate by reference paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22.    Plaintiff is of African American heritage, a group protected under FEHA.

23.    Plaintiff is informed and believes and thereon alleges that her race played a role in Defendants', and each of their, willingness to discriminate against her.

24.    During the course of Plaintiff's employment with TURNER, Plaintiff was subjected to employment discrimination which manifested in the form of, among other things, false accusations, being passed over for promotion, and receiving inaccurate and misleading performance evaluations.  The discrimination was sufficiently pervasive as to alter the conditions of Plaintiff's employment and create a hostile and abusive working environment.

25.    TURNER knew or should have known about the discrimination.  Plaintiff advised TURNER of the discriminatory behavior and actions on numerous occasions, but to no avail.

26.    TURNER's conduct as set forth herein constitutes unlawful discrimination

---

**COMPLAINT FOR DAMAGES**

6

based on Plaintiff's race in violation of FEHA, Government Code §§ 12940, *et seq.*

27.    As a proximate result of the wrongful acts of TURNER, Plaintiff has suffered actual, consequential and incident financial losses, including without limitation, loss of salary and benefits, and loss of employment-related opportunities for growth, all in an amount according to proof at time of trial.

28.    As a result of Defendants, and each of their, discriminatory actions, Plaintiff has suffered and continues to suffer damages, including emotional and/or physical distress, in an amount according to proof at trial.

29.    The acts of Defendants, and each of them, were done with malice, fraud and oppression, and with conscious disregard for the Plaintiff's rights, and with the intent to injure Plaintiff.  Defendants', and each of their, actions entitles Plaintiff to punitive and exemplary damages in an amount sufficient to discourage such future actions of Defendants and others.

### III.

### SECOND CAUSE OF ACTION

#### Employment Discrimination - Gender

30.    Plaintiff incorporate by reference paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31.    As alleged, Defendants, and each of them, discriminated against Plaintiff based on her gender, and ultimately terminated her employment.

32.    Plaintiff is informed and believes and thereon alleges that her gender played a role in Defendants', and each of their, willingness to discriminate against her.

33.    As a direct, foreseeable and proximate result of the aforementioned conduct by Defendants, and each of them, Plaintiff has suffered, and continues to suffer, losses in earnings, earning capacity and other benefits of employment, all in an amount yet to be ascertained.  Plaintiff will, therefore, seek leave of court to amend this Complaint to allege the exact amount of such damages when the same becomes known to her, or to conform to proof at trial.

**COMPLAINT FOR DAMAGES**

7

34.    As a proximate result of Defendant's, and each of their, willful, knowing and intentional discrimination, Plaintiff has suffered, and continues to suffer, humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in an amount according to proof at trial.

35.    Plaintiff is informed and believes, and thereupon alleges, that the actions of Defendants, and each of them, as hereinabove alleged, were willful, wanton, malicious and oppressive, and done with knowledge that their conduct was unlawful.  Notwithstanding such knowledge, Defendants, and each of them, despicably subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights as hereinabove alleged.  Plaintiff is, therefore, entitled to punitive and exemplary damages in an amount sufficient to discourage such future conduct by Defendants, and each of them, and at the Court's discretion.

36.    Plaintiff is informed and believes, and thereupon alleges, that Defendant engaged in other actionable conduct not enumerated in this Complaint.  Plaintiff will therefore, seek leave of Court to amend this Complaint to allege the specific acts when the same becomes known to her, or to conform to proof thereof at trial.

37.    As a result of Defendants', and each of their, discriminatory acts as alleged herein, Plaintiff has no plain, adequate or complete remedy at law.  Therefore, Plaintiff request that she be made whole and afforded all benefits attendant thereto that would have been afforded Plaintiff but for said discrimination.

IV.

**THIRD CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy**

38.    Plaintiff incorporates the allegations of paragraphs 1 through 37, above, as though fully set forth herein.

39.    Defendants', and each of their, acts of discrimination against Plaintiff due to her race (African American) and gender (female) represent a violation of a clear public policy against race and gender discrimination.

40.    As a direct, foreseeable and proximate result of the aforementioned conduct

**COMPLAINT FOR DAMAGES**
8

1  by Defendant, and each of them, Plaintiff has suffered, and continues to suffer, losses in

2  earnings, earning capacity and other benefits of employment, all in an amount yet to be

3  ascertained.  Plaintiff will, therefore seek leave of court to amend this Complaint to allege the

4  exact amount of such damages when the same becomes known to her, or to conform to proof

5  at trial.

6       41.    As a proximate result of Defendant's, and each of their, willful, knowing and

7  intentional discrimination, Plaintiff has suffered, and continues to suffer humiliation,

8  emotional distress, and mental and physical pain and anguish, all to her damage in an amount

9  according to proof at trial.

10      42.    Plaintiff is informed and believes, and thereupon alleges, that the actions of

11  Defendants, and each of them, as hereinabove alleged, were willful, wanton, malicious and

12  oppressive, and done with knowledge that their conduct was unlawful.  Notwithstanding such

13  knowledge, Defendants, and each of them, despicably subjected Plaintiff to cruel and unjust

14  hardship in conscious disregard of Plaintiff's rights as hereinabove alleged.  Plaintiff is,

15  therefore, entitled to punitive and exemplary damages in an amount sufficient to discourage

16  such future actions, and in the discretion of the Court.

17      43.    Plaintiff is informed and believes, and thereupon alleges, that Defendants, and

18  each of them, engaged in other actionable conduct not enumerated in this Complaint.

19  Plaintiff will, therefore, seek leave of court to amend this Complaint to allege the specific

20  acts when same become known to her, or to conform to proof thereof at trial.

21      44.    As a result of Defendant's, and each of their, discriminatory acts as alleged

22  herein, Plaintiff has no plain, adequate or complete remedy at law.  Therefore, Plaintiff

23  requests that she be made whole and afforded all benefits attendant thereto that would have

24  been afforded her but for said discrimination.

25  / / /

26  / / /

27  / / /

28  / / /

**COMPLAINT FOR DAMAGES**
9

## V.

## **FOURTH CAUSE OF ACTION**

### **Failure to Promote**

45.    Plaintiff incorporate by reference paragraphs 1 through 43 of this Complaint as though fully set forth herein.

Plaintiff, an African-American female, is in a FEHA protected class.

46.    On of about, the position of Purchasing Manager became available in TURNER's San Diego. Plaintiff was qualified for and expressed and interest in the position. Plaintiff was also recommended for promotion by persons in TURNER's management hierarchy in the Detroit office with who were familiar with her capabilities and experience, and with whom she had worked prior to transferring to the San Diego office.

47.    TURNER failed to consider Plaintiff as a viable candidate for the Purchasing Manager position, but rather appointed a Caucasian male employee with far less experience and tenure with TURNER than Plaintiff possessed.  TURNER thereafter required Plaintiff to train the newly-appointed Caucasian male purchasing manager to do the job that she was better qualified to do.

48.    From in or about the year 2000 through the year 2006, Plaintiff witnessed numerous other positions for which she was qualified and expressed an interest in being routinely filled by less-qualified and less-tenured employees.

49.    TURNER's failure to promote Plaintiff to positions for which she was well-qualified and for which she was recommended all the while it promoted less-experience and less-tenured employees of other races into those positions constitutes unlawful discrimination in violation of FEHA, Government Code §§ 12940, *et seq.*

50.    Plaintiff is informed and believes and thereon alleges  that her race and gender played a role in Defendants', and each of their, willingness to discriminate against her.

51.    As a direct, foreseeable and proximate result of the aforementioned conduct by Defendant, and each of them, Plaintiff has suffered, and continues to suffer, losses in earnings, earning capacity and other benefits of employment, all in an amount yet to be

**COMPLAINT FOR DAMAGES**
10

ascertained. Plaintiff will, therefore seek leave of court to amend this Complaint to allege the exact amount of such damages when the same becomes known to her, or to conform to proof at trial.

52.    As a proximate result of Defendant's, and each of their, willful, knowing and intentional discrimination, Plaintiff has suffered, and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in an amount according to proof at trial.

53.    Plaintiff is informed and believes, and thereupon alleges, that the actions of Defendants, and each of them, as hereinabove alleged, were willful, wanton, malicious and oppressive, and done with knowledge that their conduct was unlawful. Notwithstanding such knowledge, Defendants, and each of them, despicably subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights as hereinabove alleged. Plaintiff is, therefore, entitled to punitive and exemplary damages in an amount sufficient to discourage such future actions, and in the discretion of the Court.

54.    Plaintiff is informed and believes, and thereupon alleges, that Defendants, and each of them, engaged in other actionable conduct not enumerated in this Complaint. Plaintiff will, therefore, seek leave of court to amend this Complaint to allege the specific acts when same become known to her, or to conform to proof thereof at trial.

**V.**

**FOURTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

55.    Plaintiff incorporate by reference paragraphs 1 through 55 of this Complaint as though fully set forth herein.

56.    The conduct of Defendants, and each of them, as set forth herein, was extreme and outrageous to a degree as to be outside the bounds of decency in a civilized society.

57.    The conduct of Defendants, and each of them, and was done in reckless disregard and with the intention to cause emotional distress in Plaintiff.

58.    As a result of Defendants', and each of their, extreme and outrageous conduct,

**COMPLAINT FOR DAMAGES**
11

Plaintiff has suffered, and continues to suffer severe emotional distress and mental anguish.

59.    The severe emotional distress and mental anguish that Plaintiff has suffered, and continues to suffer, was actually and proximately caused by Defendants', and each of their, extreme and outrageous conduct as set forth herein.

60.    As a direct and proximate cause of Defendants', and each of their, actions, Plaintiff has suffered, and will continue to suffer, a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and special damages in an amount to be proven at trial.

61.    The acts of Defendants, and each of them, were done with malice, fraud and oppression, and with conscious disregard for the Plaintiff's rights, and with the intent to injure Plaintiff.  Defendants', and each of their, conduct was extreme and outrageous to such a degree as to entitle Plaintiff to punitive and exemplary damages in an amount sufficient to discourage such future actions of Defendants and others.

## VI.

### FIFTH CAUSE OF ACTION

#### Negligent Infliction of Emotional Distress

62.    Plaintiff incorporate by reference paragraphs 1 through 62 of this Complaint as though fully set forth herein.

63.    The conduct of Defendants, and each of them, as set forth herein, was extreme and outrageous to a degree as to be outside the bounds of decency in a civilized society.

64.    The conduct of Defendants, and each of them, and was done in negligent and reckless disregard of the emotional distress caused in Plaintiff.

65.    As a result of Defendants', and each of their, extreme and outrageous conduct, Plaintiff has suffered, and continues to suffer severe emotional distress and mental anguish.

66.    The severe emotional distress and mental anguish that Plaintiff has suffered, and continues to suffer, was actually and proximately caused by Defendants', and each of their, extreme and outrageous conduct as set forth herein.

67.    The acts of Defendants, and each of them, were done with malice, fraud and

**COMPLAINT FOR DAMAGES**
12

oppression, and with conscious disregard for the Plaintiff's rights, and with the intent to injure Plaintiff.

68.    Defendants', and each of their, wrongful actions taken against Plaintiff were despicable, oppressive, malicious, deliberate, egregious, and inexcusable to a degrees such that Plaintiff is entitled to an award of punitive damages in an amount sufficient to discourage future actions by Defendants and others.

WHEREFORE, Plaintiff respectfully requests relief and judgment against Defendants, and each of them, as follows:

A.    For compensatory, special and general damages according to proof at trial;

B.    For punitive damages in an amount sufficient to discourage such future discriminatory actions by Defendants and others, and in the Court's discretion;

C.    For attorneys fees and costs, according to proof at trial; and

D.    For such other and further relief as the Court may deem just and proper.


April 22, 2008                          THE LAW OFFICE OF DOUGLAS E. GEYMAN


                                        By: _____
                                            DOUGLAS E. GEYMAN
                                            Attorney for Plaintiff DAPHNE RHODES


**COMPLAINT FOR DAMAGES**
13

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Douglas E. Geyman, Esq.    (SBN 159417)
LAW OFFICE OF DOUGLAS E. GEYMAN
750 B Street, Suite 2635

San Diego, CA 92101
 TELEPHONE NO.: (619)232-3533    FAX NO.: (619)232-3593
ATTORNEY FOR *(Name):* Plaintiff

2008 APR 25 PM 4: 23

SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
  STREET ADDRESS: 330 West Broadway
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Diego, CA 92101
  BRANCH NAME: Central Division

CASE NAME: RHODES V TURNER CONSTRUCTION COMPANY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2008-00082715-CU-OE-CTL |
|---|---|---|
| [X] Unlimited   [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

Auto Tort
[ ] Auto (22)
[ ] Uninsured motorist (46)
Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
Non-PI/PD/WD (Other) Tort
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
Employment
[ ] Wrongful termination (36)
[X] Other employment (15)

Contract
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
Real Property
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
Unlawful Detainer
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
Judicial Review
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)

[ ] Other judicial review (39)
Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
Enforcement of Judgment
[ ] Enforcement of judgment (20)
Miscellaneous Civil Complaint
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
Miscellaneous Civil Petition
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):*
  a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
**4.** Number of causes of action *(specify):*
**5.** This case [ ] is [X] is not    a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 04/22/08
Douglas E. Geyman
  (TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
 • Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
 • File this cover sheet in addition to any cover sheet required by local court rule.
 • If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
 • Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10
SD-CV51

*BLUEBIRD*online.com (888) 477-0700   4-57

COPY

1 | James A. Goodman    (State Bar No. 89715)
Lauren K. Rifenbark  (State Bar No. 228194)
2 | EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
3 | Los Angeles, California 90067-2506
Telephone: 310.556.8861
4 | Facsimile: 310.553.2165
jgoodman@ebglaw.com
5 | lrifenbark@ebglaw.com

6 | Attorneys for Defendant
TURNER CONSTRUCTION COMPANY, INC.

7 |

FILED
CIVIL BUSINESS OFFICE 19
CENTRAL DIVISION

08 MAY 27  PM 4: 27

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF SAN DIEGO    BY FAX

10 |

11 | DAPHNE RHODES, an individual,

12 | Plaintiff,

13 | v.

14 | TURNER CONSTRUCTION COMPANY,
a New York corporation; and DOES 1-20,
15 | Inclusive,

16 | Defendants.

17 |

CASE NO.  37-2008-00082715-CU-OE-
CTL

[Assigned for All Purposes to Hon. David B.
Oberholtzer, Dept. C-67]

**DEFENDANT TURNER
CONSTRUCTION COMPANY, INC.'S
ANSWER TO COMPLAINT**

Complaint Filed: April 25, 2008

18 |

19 | **TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

20 | Defendant Turner Construction Company, Inc. ("Defendant") hereby submits its Answer

21 | for itself and no one else in response to Plaintiff Daphne Rhodes' ("Plaintiff") Complaint for

22 | Damages ("Complaint").

23 | 1.  Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d),

24 | Defendant denies generally and specifically the allegations of Plaintiff's unverified Complaint

25 | and further denies that Plaintiff suffered any damages as alleged in the Complaint.

26 | ///

27 | ///

28 | ///

- 21 -

LA:507998v2

DEFENDANT TURNER CONSTRUCTION'S
ANSWER TO PLAINTIFF'S COMPLAINT

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Mandatory Arbitration)

1.  Plaintiff may not seek relief from this Court because all of the causes of action set forth in the Complaint are subject to mandatory arbitration pursuant to a valid, written arbitration agreement.

## SECOND AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

2.  The Complaint, and each count set forth therein, fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

### (Proximate Cause)

3.  Plaintiff, by her own acts and conduct, proximately caused the damages complained of, and, therefore, Defendant has no liability for the purported damages suffered by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4.  Plaintiff may not seek relief from this Court in that she comes before this Court with unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5.  Plaintiff may not seek relief from this Court as she claims are subject to the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6.  The Complaint, and each count set forth therein, is barred by the doctrine of laches.

///

///

///

- 2 -

DEFENDANT TURNER CONSTRUCTION'S
ANSWER TO PLAINTIFF'S COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.  Plaintiff may not seek relief from this Court as her claims are subject to the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate)

8.  Plaintiff has failed to mitigate her damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

9.  The Complaint, and every cause of action therein, fails to state facts sufficient to constitute any cause of action over which this Court has jurisdiction in that, to the extent Plaintiff allegedly suffered workplace injuries, the exclusive remedy for her purported injuries is workers' compensation.

## TENTH AFFIRMATIVE DEFENSE

### (Failure To Exhaust Administrative Remedies)

10. Plaintiff's Complaint is barred to the extent Plaintiff has failed to exhaust her administrative remedies under the California Fair Employment and Housing Act.  California Government Code §§ 12900 *et seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

11. Plaintiff's Complaint and each of its purported causes of action are barred, in whole or in part, by all applicable statutes of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

### (Business Judgment)

12. As a separate and distinct affirmative defense, any and all conduct of which Plaintiff complains, which is attributed to Defendant which Defendant undertook, was a just and proper exercise of discretion and business judgment, undertaken for a fair and honest reason and

- 3 -

DEFENDANT TURNER CONSTRUCTION'S
ANSWER TO PLAINTIFF'S COMPLAINT

1  regulated by good faith under the circumstances then existing.

2  ### THIRTEENTH AFFIRMATIVE DEFENSE

3  #### (Failure To Take Advantage Of Preventative Measures)

4  13. Defendant is not liable for any unlawful discriminatory acts of its supervisors in that

5  it exercised reasonable care to prevent and correct promptly any misconduct reported to it and

6  Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities

7  provided by Defendant.

8  ### FOURTEENTH AFFIRMATIVE DEFENSE

9  #### (Failure To State A Claim For Punitive Damages)

10  14. Plaintiff's claim for punitive damages is barred in that she has failed to plead facts

11  sufficient to support allegations of malice, oppression, fraud and despicable conduct.

12  ### FIFTEENTH AFFIRMATIVE DEFENSE

13  #### (Not Extreme And Outrageous)

14  15. Plaintiff's claims for intentional and negligent infliction of emotional distress are

15  barred because the conduct alleged in the Complaint was not extreme and outrageous.

16  **WHEREFORE,** Defendant prays for judgment dismissing the Complaint with prejudice,

17  Plaintiff to take nothing, and that judgment be entered for Defendant for its attorneys' fees and

18  costs of suit herein, and for such other and further relief as the Court determines is proper.

19

20  DATED: May 27, 2008                              EPSTEIN BECKER & GREEN, P.C.

21

22                                                  By: _____

23                                                      JAMES A. GOODMAN
                                                        LAUREN K. RIFENBARK
24                                                      Attorneys for Defendant
                                                        TURNER CONSTRUCTION COMPANY,
25                                                      INC.

26

27

28

---

- 4 -

LA:507998v2                    - 24 -

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is 1925 Century Park East, Suite 500, Los Angeles, California 90067-2506.

3. I served copies of the following documents (specify the exact title of each document served):

   **DEFENDANT TURNER CONSTRUCTION COMPANY, INC.'S
   ANSWER TO COMPLAINT**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

   **Attorneys for Plaintiff:**

   Douglas E. Geyman, Esq.                  619.232.3533 Telephone
   Law Offices of Douglas E. Geyman
   750 B Street, Suite 2635                 619.232.3593 Facsimile
   San Diego, CA 92101

5. a. ☐   **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. ☒   **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

      (1) ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

      (2) ☒   placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

      I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

   c. ☐   **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

- 5 -

DEFENDANT TURNER CONSTRUCTION'S
ANSWER TO PLAINTIFF'S COMPLAINT

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.    I served the documents by the means described in item 5 on *(date):* May 27, 2008

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 5/27/08 | Lynne Conner | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):* _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

- 26 -

DEFENDANT TURNER CONSTRUCTION'S
ANSWER TO PLAINTIFF'S COMPLAINT

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

1.  At the time of service I was at least 18 years of age and **not a party to this legal action**.

4

2.  My business address is 1925 Century Park East, Suite 500, Los Angeles, California 90067-2506.

5

6

3.  I served copies of the following documents (specify the exact title of each document served):

7

**NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. SECTIONS 1332 and 1441(b)**

8

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

9

10

**Attorneys for Plaintiff:**

11

Douglas E. Geyman, Esq.                    619.232.3533 Telephone
Law Offices of Douglas E. Geyman           619.232.3593 Facsimile
750 B Street, Suite 2635

12

San Diego, CA 92101

13

5.  a. ☐  **By personal service.** I personally delivered the documents on the date shown

14

below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's

15

office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the

16

documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

17

18

b. ☒  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

19

(1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

20

21

(2) ☒  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this

22

business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United

23

States Postal Service, in a sealed envelope with postage fully prepaid.

24

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

25

c. ☐  **By overnight delivery.** I enclosed the documents on the date shown below in an

26

envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and

27

overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

28

- 27 -

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.    I served the documents by the means described in item 5 on *(date)*:  May 28, 2008

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/28/08 | Lynne Conner | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date)*: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

LA:508207v1

NOTICE OF REMOVAL

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DAPHNE RHODES, an individual

## DEFENDANTS
TURNER CONSTRUCTION COMPANY, a New York corporation; and DOES 1 to 20, inclusive,

FILED
2008 MAY 29 PM 1:25

'08 CV 0948 WQH AJB

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

(b) County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Douglas E. Geyman
Law Offices of Douglas E. Geyman
750 B Street, Suite 2635
San Diego, CA 92101
619.232.3533

Attorneys (If Known)
James A. Goodman (State Bar # 89715)
Epstein Becker & Green, P.C.
1925 Century Park East, Suite 500
Los Angeles, CA 90067
310.556.8861

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 362 Personal Injury - Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | **IMMIGRATION** | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | ☐ 462 Naturalization Application | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | | | |
| ☐ 441 Voting | **PRISONER PETITIONS** | | | |
| ☒ 442 Employment | ☐ 510 Motion to Vacate Sentence | | | |
| ☐ 443 Housing/Accommodations | **Habeas Corpus:** | | | |
| ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | | |
| ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1332 & 1441(b).

Brief description of cause:
Plaintiff (CA) states claims for racial & gender discrimination, failure to promote, & emotional distress against Defendant (NY)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE 5/27/08    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 151847    AMOUNT $350    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

CR    TC 5/29/08

FDJS44

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 151347    — MB**

**May 29, 2008
13:26:33**

**Civ Fil Non-Pris**
USAO #.: 08CV0948
Judge..: WILLIAM Q HAYES
Amount.:                           $350.00 CK
Check#.: BC11865

**Total—>   $350.00**

FROM: DAPHNE RHODES
      VS
      TURNER CONSTRUTION CO.